1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    MALIK JONES,                              No. CIV S-09-3218-LKK-CMK-P

12                  Plaintiff,

13          vs.                                 <u>FINDINGS AND RECOMMENDATIONS</u>

14    J. BURGETT, et al.,

15                  Defendants.

16    _____/

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42

18    U.S.C. § 1983.  On December 7, 2009, the court directed plaintiff to resolve the fee status for this

19    case within 30 days of the date of the order.  Plaintiff was warned that failure to comply may

20    result in dismissal of this action for lack of prosecution and failure to comply with court orders

21    and rules.  <u>See</u> Local Rule 110.  To date, plaintiff has not complied by either paying the full filing

22    fee or filing a complete application for leave to proceed in forma pauperis.

23          The court must weigh five factors before imposing the harsh sanction of

24    dismissal.  <u>See</u> <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir. 2000); <u>Malone v.</u>

25    <u>U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's

26    interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)

1  the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on

2  their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,

3  46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an

4  appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.

5  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is

6  appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,

7  1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to

8  comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,

9  1260-61 (9th Cir. 1992).

10          Having considered these factors, and in light of plaintiff's failure to resolve the

11  fee status for this case as directed, the court finds that dismissal of this action is appropriate.

12          Based on the foregoing, the undersigned recommends that this action be

13  dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and

14  orders.

15          These findings and recommendations are submitted to the United States District

16  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

17  after being served with these findings and recommendations, any party may file written

18  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

19  Findings and Recommendations."  Failure to file objections within the specified time may waive

20  the right to appeal.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21

22   DATED:  May 4, 2010

23

24                                          CRAIG M. KELLISON
                                            UNITED STATES MAGISTRATE JUDGE

25

26